## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN H. MORLEY, JR., | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 03-880 |
|  | : |  |
| PHILADELPHIA POLICE DEPARTMENT, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                  **JULY 7, 2004**

Presently before this Court are Defendants' Motion for Summary Judgment and Plaintiff's Response which includes a Cross-Motion to Amend the Complaint. For the reasons discussed below, Defendants' Motion for Summary Judgment will be granted. Plaintiff's Cross-Motion to Amend the Complaint will be denied because such amendment would be futile.

## I. FACTUAL AND PROCEDURAL HISTORY

*Pro se* Plaintiff, John H. Morley, Jr. ("Morley"), is suing Defendants, the Philadelphia Police Department, Police Commissioner Sylvester Johnson ("Johnson"), former Police Commissioner John F. Timoney ("Timoney"), Special Assistant to the Police Commissioner Bradford A. Richman ("Richman") and Detective Steven Caputo ("Caputo") (collectively referred to as "the Defendants") alleging deprivation of his constitutional rights and conspiracy in furtherance of such deprivation. Plaintiff's action is based upon his arrest for brandishing a firearm in a bar during an altercation and the revocation of his license to carry a firearm by the City of Philadelphia following the arrest.

A. **March 10, 1999 Incident**

Morley's action arises from an incident that occurred at O'Neals Bar on March 10, 1999.[1]  At approximately 3:00 a.m. on March 10, 1999, police officers were called to O'Neals Bar following a altercation involving Morley, Susan Morley, Michael Wigmore ("Wigmore"), Mark Fox ("Fox"), Greg Rand ("Rand") and Frank Murphy ("Murphy").  The altercation began during a discussion between Morley and Wigmore.  As the discussion escalated, Morley began to shout at Wigmore and pounded his fists against the bar.  Morley then picked up a beer bottle, smashed it on the bar and proceeded to throw the remains of the bottle behind the bar.  Morley and Wigmore got into a physical altercation.  Fox, Rand and Murphy intervened into the physical altercation.  As the men were wrangling, Morley took out his handgun, pulled the slide back, pointed it in the air, and ordered everyone out of the bar.  Wigmore, Fox and Murphy exited the bar.  Susan Morley and Rand remained in the bar.  As Morley was exiting the bar, he re-holstered his gun.  The gun apparently fell out of the holster as he passed by the bar's threshold onto the sidewalk.

Once outisde of O'Neals Bar, Fox called 9-1-1 for assistance.  After a short period of time, the police arrived and were informed of the incident.  Morley's handgun was recovered by the police in front of the bar on top of a trash bag.  The gun was recovered with one live round in the chamber and twelve live rounds in the magazine.[2]  Morley, Susan Morley, Wigmore, Fox,

---

[1]  O'Neals Bar is located at 611 South 3rd Street in Philadelphia, Pennsylvania.  On March 10, 1999, Morley was at O'Neals Bar waiting for his wife, Susan Morley, to finish her shift as a bartender.

[2]  The police confiscated the gun and submitted it to the Fire Arms Identification Unit.  After investigation, it was determined that the handgun was registered to Morley and he had a License to Carry Firearms.

Rand and Murphy were all transported to South Detectives Division ("SDD") for investigation.

Caputo and Sergeant Richard Zoog interviewed the witnesses. Morley was not placed under

arrest, but was released pending further investigation and consultation with the District Attorney's

Office. Morley states that he subsequently went to the hospital to receive treatment for the

lumps and bruises located on the side of his head.

### B. The Affidavits of Probable Cause and the Arrest Warrants

Caputo prepared an Affidavit of Probable Cause for the arrest of Morley on March

23, 1999. (Defs.' Mot. Summ. J., Ex. 2, p. 39, lines 10-13; Ex. 8). Caputo premised his Affidavit

of Probable Cause upon the statements given during the March 10, 1999 interviews of Susan

Morley, Wigmore, Fox, Rand and Murphy. (Id.). Caputo summarized the statements given by

the witnesses in the Affidavit of Probable Cause and proceeded to fax it to the District Attorney's

Office Charging Unit for review and approval on March 23, 1999. (Id., Ex. 2, p. 40, lines 14-25).

On that same day, Assistant District Attorney Davis noted a question on the Affidavit of Probable

Cause and faxed it back to Caputo with the direction that Caputo resubmit the Affidavit. (Id., Ex.

2, p. 41, lines 11-21). Caputo resubmitted the Affidavit and it was "approved" by Assistant

District Attorney Alfano and faxed back to Caputo on June 14, 1999. (Id., Ex. 8). On June 15,

1999, Caputo swore out the Affidavit. (Id.). On that same date, a Warrant of Arrest, No.

244848, was issued by a bail commissioner authorizing the arrest of Morley. (Id., Ex. 9). The

Warrant accused Morley of Recklessly Endangering Another Person and Simple Assault.[3] (Id.).

---

[3] 18 Pa.C.S.A. § 2705, entitled "Recklessly Endangering Another Person," provides that
"[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct,
which places or may place another person in danger of death or serious bodily injury." 18
Pa.C.S.A. § 2705. The relevant portions of Pennsylvania's simple assault statute are as follows:
"[a] person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly

On June 18, 1999, Morley surrendered himself to the authorities at SDD.  (Pl.'s Mem. Law Supp.

Answer and Cross-Mot. at 3).  On December 10, 2001, during a hearing in the Municipal Court

of Philadelphia, the prosecution against Morley was withdrawn because Wigmore, the

complaining witness, testified under oath that he wished to withdraw the complaint against

Morley.  (Defs.' Mot. Summ. J., Ex. 10).

### C.  <u>Revocation of Morley's Licence to Carry a Firearm</u>

As explained earlier, Morley's gun was recovered and confiscated by the police

after the March 10, 1999 incident.  On May 14, 1999, Morley sent a letter to then-Police

Commissioner Timoney requesting the return of his license and handgun.  (Compl., ¶ 13).  On

June 15, 1999, Morley's License to Carry a Firearm was revoked.  (<u>Id.</u>, ¶ 14).  Morley appealed

the revocation of his License to the Department of Licenses and Inspections.  (<u>Id.</u>, ¶ 17).  On June

4, 2002, after a hearing, the Board of License and Inspection Review affirmed the revocation of

Morley's License to Carry a Firearm.  (<u>Id.</u>, ¶ 19).  On June 14, 2002, Morley appealed the Board

of License and Inspection Review's decision to the Court of Common Pleas, Philadelphia County.

(<u>Id.</u>, ¶ 20).  On December 9, 2002, the Court of Common Pleas affirmed the revocation of

Morley's license.  (<u>Id.</u>, ¶ 22).  Morley appealed the decision of the Court of Common Pleas to the

Commonwealth Court of Pennsylvania.  (<u>Id.</u>, ¶ 23).  The appeal is currently pending.  (<u>Id.</u>).

Morley also filed a petition for the return of his handgun with the criminal division of the

Philadelphia County Court of Common Pleas.  Morley's petition was denied on May 7, 2003,

following a full hearing before the Philadelphia County Court of Common Pleas.  Morley has

---

causes bodily injury to another . . . and (3) attempts by physical menace to put another in fear of
imminent serious bodily injury." 18 Pa.C.S.A. § 2701(a).

appealed this ruling.[4]

### D.  Procedural History of Instant Action

Morley filed his *pro se* Complaint on February 13, 2003.  (Doc. No. 1).  Morley's Complaint included the following three Counts: deprivation of constitutional rights under 42 U.S.C. § 1983 (Count I); deprivation of the right to carry a firearm under 42 U.S.C. § 1983 (Count II); and a conspiracy claim under 42 U.S.C. § 1983 (Count II).[5]  On March 28, 2003, an Order was issued dismissing Morley's claim of deprivation of the right to carry a firearm under 42 U.S.C. § 1983 (Count II).  (Doc. No. 7).  As a result, the only remaining claims in this action are Morley's claims asserted pursuant to 42 U.S.C. § 1983 regarding the deprivation of his constitutional rights and conspiracy.[6]  Regarding these two claims, the Defendants have moved

---

[4]  Morley's related property and license issues are currently being adjudicated in the Pennsylvania Appellate Courts.  (Pl.'s Reply Mem. Law at 1).

[5]  In his Complaint, Morley's *pro se* conspiracy claim is asserted pursuant to 42 U.S.C. § 1985.  (See Compl.).  Upon review of Morley's claim, it appears that it is premised upon his Section 1983 claim asserted in Count I.  "[U]nlike section 1983, a section 1985 conspiracy must be based on a racial or otherwise class-based motivation."  Scott v. Township of Bristol, No. 90-1412, 1990 WL 178556, at 16 n.8 (E.D. Pa. Nov. 14, 1990)(quoting de Botton v. Marple Township, 689 F. Supp. 477, 482 (E.D. Pa. 1988))(internal quotation marks omitted).  Morley's conspiracy claim does not allege any racial or class-based motivation.  (See Compl.).  As a result, Morley "cannot maintain a § 1985 claim because he has not alleged any racial or class based discriminatory animus that motivated the alleged conspiracy to violate his constitutional rights."  Panayotides v. Rabenold, 35 F. Supp.2d 411, 420 (E.D. Pa. 1999), *aff'd*, 210 F.3d 358 (3d Cir. 2000).  Thus, liberally construing Morley's claim, it appears that his conspiracy claim based upon Section 1985 should have been brought pursuant to Section 1983.  Since Section 1983 is the appropriate vehicle for Morley's conspiracy claim, the Court will treat the claim as if it has been asserted pursuant to Section 1983.

[6]  There is an identical state court action filed by Morley against the same Defendants regarding the City of Philadelphia's revocation of his license to carry a firearm.  The second action, entitled Morley v. Philadelphia Police Department, C.A. 03-6165 ("Morley II"), raises the same issues presented by this lawsuit, but is solely based upon state law.  Morley II was removed to this Court from the Court of Common Pleas, Philadelphia County.  The action was remanded

for summary judgment arguing that the claims fail as a matter of law.  In Morley's response to the

Defendants' Motion for Summary Judgment, he moves to amend the Complaint seeking to add

various claims and make corrections.  Each of the parties' Motions will be addressed *seriatim*.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

matter of law."  FED. R. CIV. P. 56(c).  Essentially, the inquiry is "whether the evidence presents a

sufficient disagreement to require submission to the jury or whether it is so one-sided that one

party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252

(1986).  The moving party has the initial burden of informing the court of the basis for the motion

and identifying those portions of the record that demonstrate the absence of a genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  An issue is genuine only if

there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving

party.  Anderson, 477 U.S. at 249.  A factual dispute is material only if it might affect the

outcome of the suit under governing law.  Id. at 248.

To defeat summary judgment, the non-moving party cannot rest on the pleadings,

but rather that party must go beyond the pleadings and present "specific facts showing that there

---

back to state court because this Court lacked federal question jurisdiction due to Morley's
decision to solely rely upon state law to litigate that case.  In Morley II, Morley stated that he
made the strategic decision to prosecute his claims in parallel actions in the federal and state
courts.  Morley explained that his state action, Morley II, solely relies upon state law and his
federal action, the instant action, solely addresses his claims as federal in nature.  Questioning the
propriety of Morley's decision to file parallel actions, this Court remanded Morley II back to the
state court on March 29, 2004, concluding that it was without original jurisdiction under the
auspices of 28 U.S.C. § 1441(a).  (See Doc. No. 8).

is a genuine issue for trial." FED. R. CIV. P. 56(e).  Similarly, the non-moving party cannot rely on

unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a

summary judgment motion.  Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir.

1989)(citing Celotex, 477 U.S. at 325 (1986)).  Further, the non-moving party has the burden of

producing evidence to establish *prima facie* each element of its claim.  Celotex, 477 U.S. at

322-23.  If the court, in viewing all reasonable inferences in favor of the non-moving party,

determines that there is no genuine issue of material fact, then summary judgment is proper.  Id. at

322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

        "Pleadings filed by *pro se* litigants are not held to as high a pleading standard as

pleadings filed by counsel, and the Court will liberally construe *pro se* pleadings."  Ryales v.

Phoenixville Sch. Dist., 177 F. Supp.2d 391, 395 (E.D. Pa. 2001)(citations omitted).  The liberal

standard applied to *pro se* pleadings, "does not mean . . . that the Court may infer facts or legal

arguments central to plaintiff's claims which are not set forth in plaintiff's . . . Complaint."

Lumumba v. Phila. Dept. of Human Servs., No. 98-5195, 1999 WL 345501, at *2 (E.D. Pa. May

21, 1999)(citation omitted).  Thus, "[w]hile *pro se* complaints are entitled to liberal construction,

the plaintiff must still set forth facts sufficient to survive summary judgment."  Wilson v. Squirrel,

No. 00-3819, 2000 WL 33154288, at *2 (E.D. Pa. Jan. 29, 2000)(citations omitted).[7]

## III.  DISCUSSION

        As previously mentioned, presently before this Court are the Defendants' Motion

for Summary Judgment and Morley's Response which includes a Cross-Motion to Amend the

---

[7] The legal standard regarding leave to amend a complaint is set forth in Part III.B.  See
*infra* Part III.B.

Complaint.  The Court will first address Defendants' Motion for Summary Judgment.[8]  Next, the

Court will address Morley's Cross-Motion to Amend the Complaint.[9]

### A.  The Defendants' Motion for Summary Judgment

#### 1.  Morley's Section 1983 Claim for Freedom from Prosecution

Morley asserts a malicious prosecution claim under Section 1983.  Morley

contends that the Defendants deprived him of his right to be free from prosecution by the

following: seeking a Warrant for Arrest that lacked probable cause; arresting him; causing him to

be subjected to fifteen (15) court appearances; and providing hearsay testimony at the June 4,

2002 Board hearing.  The Defendants argue that they are entitled to summary judgment regarding

this claim because it fails as a matter of law.

---

[8]  In one of his pleadings, Morley suggests that the Defendants' Motion for Summary Judgment is premature because he did not have an adequate opportunity to conduct discovery. (Pl.'s Mem. Law Supp. Answer and Cross-Mot. at 4).  Morley does not offer any explanation concerning the issue of discovery or how additional discovery would present an issue of material fact.  Moreover, Morley fails to specifically identify what particular information is sought, how, if uncovered, such information would preclude summary judgment, and why the information was not previously secured.  St. Surin v. Virgin Island Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994).  The only argument pertaining to the issue of discovery asserted by Morley is that "[t]he defendants have not deposed Morley or any person Morley has named with discoverable information."  (Pl.'s Mem. Law Supp. Answer and Cross-Mot. at 4).  Thus, while Morley concerns himself with the Defendants' procurement of discovery, he does not explain to the Court how the additional discovery would benefit him and change the outcome of the instant Motion for Summary Judgment.  In light of the discovery conducted in this action, and the lack of any explanation regarding how any additional discovery would effect the outcome of the instant Motion, Morley's suggestion that the Defendants' Motion for Summary Judgment is premature is baseless.

[9]  I chose to first address the Defendants' Motion for Summary Judgment and then Morley's Cross-Motion to Amend the Complaint because the amendments that Morley seeks regarding his Complaint do not cure the fatal deficiencies of his action.

**a.) *Section 1983 Malicious Prosecution Claim***

42 U.S.C. § 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof
> to the deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  "The purpose of Section 1983 is to provide a civil cause of action to protect

persons against the misuse of power possessed by virtue of state law and made possible because

the defendant was cloaked with the authority of the state."  Douris v. Dougherty, 192 F. Supp.2d

358, 363 (E.D. Pa. 2002)(citation omitted).  Thus, Section 1983 "provides redress for certain

violations of rights arising under the federal constitution or laws of the United States which are

caused by persons acting under color of state law."  Id. (citation omitted).  Significantly, Section

1983 "does not create a cause of action in and of itself."  Id. (citation omitted).  In order "[t]o

make out a claim under Section 1983, a plaintiff must demonstrate that the conduct of which he

is complaining has been committed under color of state or territorial law and that it operated to

deny him a right or rights secured by the Constitution and laws of the United States."  Id.

(citations omitted).  "The plaintiff must also establish that it was the acts of the defendant which

caused the constitutional deprivation."  Id. (citations omitted).  Morley claims that the Defendants

violated his Fourth Amendment rights.  "The Fourth Amendment right implicated in a malicious

prosecution action is the right to be free of unreasonable seizure of the person -- i.e., the right to

be free of unreasonable or unwarranted restraints on personal liberty."  Singer v. Fulton County

Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).

In order to establish a *prima facie* case of a Section 1983 malicious prosecution claim, a plaintiff must show the following common law elements:

> (1) the defendants commenced a criminal proceeding; (2) without probable cause; (3) with malice or for reasons other than to bring the party to justice; and (4) the proceedings were terminated in favor of the plaintiff.

Freeman v. Murray, 163 F. Supp.2d 478, 483-84 (M.D. Pa. 2001), *aff'd*, 37 Fed. Appx. 49 (3d Cir. 2002).  When alleging a Section 1983 malicious prosecution claim under the Fourth Amendment, the Court of Appeals for the Third Circuit ("Third Circuit") requires the showing of the common law elements and  "the plaintiff must also establish that he was seized within the meaning of the Fourth Amendment."[10]  Id. at 484 (citing Gallo v. City of Phila., 161 F.3d 217 (3d Cir. 1998)); see also Donahue v. Gavin, No. 98-1602, 2000 WL 772819, at *3 (E.D. Pa. June 15, 2000)(stating that "[w]here a section 1983 claim for malicious prosecution is grounded in the Fourth Amendment, the Court of Appeals has required a plaintiff to establish -- in addition to the elements of the common law tort -- a deprivation of liberty which is consistent with the concept of 'seizure'"), *aff'd*, 280 F.3d 371 (3d Cir. 2002).

The fatal deficiency in Morley's Section 1983 malicious prosecution claim lies in

---

[10]  In the Third Circuit, the concise test for establishing a Section 1983 malicious prosecution claim is unclear.  See Backof v. NJ State Police, 92 Fed. Appx. 852, 856 (3d Cir. 2004)(unpublished opinion).  Although the test for establishing a Section 1983 malicious prosecution claim may be somewhat uncertain, the Third Circuit has provided some guidance by identifying "several elements essential to a § 1983 malicious prosecution claim."  Id.  "At a minimum, a plaintiff must allege (1) deprivation of liberty (or perhaps some other constitutional right) separate from substantive due process; (2) an absence of probable cause for initiation of the criminal proceedings; and (3) termination or reversal of criminal proceedings by reason of the plaintiff's innocence."  Id. (footnotes and internal citations omitted).

the element of probable cause.  Morley's Section 1983 malicious prosecution claim must be

dismissed because there is no triable issue as to the *prima facie* element of probable cause.[11]

Probable cause is a necessary element for a malicious prosecution claim.  Gatter v. Zappile, 67 F.

Supp.2d 515, 519 (E.D. Pa. 1999), *aff'd*, 225 F.3d 648 (3d Cir. June 16, 2000).  "A showing of

probable cause requires 'proof of facts and circumstances that would convince a reasonable,

honest individual that the suspected person is guilty of a criminal offense.'"  Id. (quoting Lippay

v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993)).  "While the existence of probable cause is

generally a jury question, it may be appropriate for summary judgment where 'the uncontroverted

facts could not lead a reasonable person to find that probable cause was lacking.'"  Id. (quoting

Telepo v. Palmer Township, 40 F. Supp.2d 596, 611 (E.D. Pa. 1999)); see also Merkle v. Upper

Dublin Sch. Dist., 211 F.3d 782, 788-89 (3d Cir. 2000)(stating that "a district court may conclude

that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff,

reasonably would not support a contrary factual finding, and may enter summary judgment

accordingly").

---

[11]  In addition to failing to show the requisite lack of probable cause, Morley's Section 1983 malicious prosecution claim fails for other reasons.  Regarding Johnson, Timoney and Richman, Morley fails to proffer any evidence that they played any role in his arrest or prosecution regarding the March 10, 1999 incident.  Johnson, Timoney and Richman have presented signed declarations stating that they did not play any role in Morley's prosecution. (Defs.' Mot. Summ. J., Exs. 11, 12 and 13).  Specifically, each individual declaration contains the following two sentences: "I played no role in the investigation of the events of March 10, 1999 that led to charges being filed against Morley" and "I played no role in the arrest or prosecution of Mr. Morley arising out of the March 10, 1999 incident."  (Id.).  Morley has not come forward with any evidence to dispute these declarations and, therefore, fails to make the required showing that Johnson, Timoney and Richman were involved in his arrest or prosecution.  Additionally, Morley does not present any evidence that either Johnson, Timoney, Richman or Caputo acted maliciously or for a purpose other than bringing him to justice.  Without any evidence that the Defendants acted maliciously or for a purpose other than bringing him to justice, Morley fails to establish his *prima facie* case of Section 1983 malicious prosecution.

In this case where the arrest at issue was made pursuant to a warrant premised upon an Affidavit of Probable Cause, in order to show a violation of the rights established by the Fourth Amendment, the plaintiff is required to prove that "the maker of the affidavit either stated a deliberate falsehood or acted with a reckless disregard for the truth." Lippay, 996 F.2d at 1501 (citation omitted).  The standard regarding probable cause "is an *objective* one and is to be applied based on the facts available to the officers at the time of their alleged unlawful conduct." DiNicola v. DiPaolo, 25 F. Supp.2d 630, 637 (W.D. Pa. 1998)(citation omitted).  "Whether the accused is ultimately convicted is of no moment: 'Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law.'" Id. (quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)).

### b.)  Analysis of Morley's Section 1983 Malicious Prosecution Claim

In the present case, summary judgment is appropriate because the evidence presented before this Court could not lead a reasonable person to find that the existence of probable cause was lacking in the arrest and criminal prosecution of Morley.  In applying for the arrest warrant, Caputo made the following sworn statement of probable cause that a warrant of arrest should be issued for Morley charging him with Recklessly Endangering Another Person and Simple Assault:

> COMPLAINANT: Michael Wigmore [redacted portion] states in summary that on 3-10-99 at approx. 3:00 AM he was in O'Neal's [sic] Bar at 611 S. 3d St. drinking with his friends [redacted portion] John Morley 36 W/M [redacted portion].  They were having a discussion and John Morley disagreed with some of the opinions being made on the subject matter of the discussion.  The discussion escalated and John Morley began shouting at Wigmore and pounding his fist on the bar.  John Morley then picked up a beer bottle and smashed it against the bar then threw the remains behind the bar.  John Morley then pushed Wigmore off a bar stool.  Wigmore fell to the ground and John Morley went after Wigmore.  At this time

12

[redacted portion] grabbed John Morley and were trying to separate him from Wigmore. John Morley [redacted portion] all fell to the ground and when they got up John Morley pulled out his gun, pulled the slide back, pointed the gun straight up in the air and told everybody to get the fuck out of the bar. Wigmore [redacted portion] left the bar and [redacted portion] stayed in the bar. John Morley then re-holstered his gun and proceeded to leave the bar and as he was walking out of the door the gun fell out of the holster onto the ground outside of the bar. The Police were called and upon their arrival they were told what had just occurred. John Morley was transported to SDD for investigation. The gun . . . loaded with one live round in the chamber and 12 live rounds in the magazine was recovered by 3rd District Police on the highway in front of 611 S. 3d St . . . .

(Defs.' Mot. Summ. J., Ex. 8). Caputo's Affidavit of Probable Cause competently summarizes the testimony that he gathered from Susan Morley, Wigmore, Fox, Rand and Murphy in their signed Investigation Interview Records. (Id., Exs. 3, 4, 5, 6, and 7). In the Investigation Interview Records, all of the witnesses' versions of events materially comport with each other. Likewise, the Affidavit of Probable Cause truthfully and adequately summarizes the March 10, 1999 incident as conveyed by the eyewitnesses. Smith v. Snell, No. 95-6542, 1996 WL 334379, at *1 (E.D. Pa. June 13, 1996)(stating that "[d]efendant's arrest warrant affidavit, based on his investigation and the identification of plaintiff by two witnesses, is sufficient on its face to support a finding of probable cause").

        For the most part, Morley corroborates the witnesses' versions of events. The only factual allegation regarding the incident that Morley disagrees with is that he attacked Wigmore. Morley asserts that he did not attack Wigmore and argues that he was the victim of an assault on March 10, 1999 by Fox, Rand and Murphy. Besides the aforementioned disagreements, Morley does not present any material evidence that counters the Affidavit of Probable Cause or the Investigative Incident Reports provided by Susan Morley, Wigmore, Fox, Rand and Murphy. Likewise, Morley has not provided any evidence that the Defendants, or the witnesses to the

incident, stated deliberate falsehoods or acted with a reckless disregard for the truth when making
the warrant affidavit or the Incident Reports.  Lippay, 996 F.2d at 1501.

Viewing the undisputed facts in this case in a light most favorable to Morley, and
under the totality of the  circumstances, the Court finds that there was probable cause to arrest
and prosecute Morley.  The objective facts available to Detective Caputo at the time he issued the
Affidavit of Probable Cause for Morley's arrest, and during the initiation of the criminal
proceedings, were sufficient to justify a reasonable belief that Morley had committed the offenses
of Recklessly Endangering Another Person and Simple Assault.  Moreover, upon review of the
Affidavit of Probable Cause, a bail commissioner similarly determined that its recitation of the
facts established probable cause to issue a criminal complaint.  Even upon redacting the alleged
false statements regarding Morley's attack on Wigmore, the supporting Affidavit and
Investigative Interview Reports contain sufficient content to find probable cause.  Thus, after
giving Morley's version of the facts every benefit of the doubt and eliminating all contested
material from the probable cause affidavit, I find that the Affidavit and the witness' statements
contained within the Investigative Incident Reports objectively support a finding of probable
cause to arrest and prosecute Morley for Recklessly Endangering Another Person and Simple
Assault.[12]  Accordingly, the Defendants' Motion for Summary Judgment is granted regarding

---

[12]  Due to the existence of probable cause, Morley's Section 1983 fails as a matter of law.
Since Morley has not proven the absence of probable cause, he has also failed to demonstrate the
deprivation of a constitutional right.  McCabe v. City of Phila., No. 01-3975, 2002 WL
32341787, at *4 (E.D. Pa. Nov 13, 2002)(stating that "Plaintiff has failed to demonstrate the
deprivation of a constitutional right, because he has failed to prove his . . . malicious prosecution
claim"), aff'd, 76 Fed. Appx. 464, 465-66 (3rd Cir. 2003)(unpublished opinion)(stating that "[i]n
this case, we agree with the District Court that McCabe did not suffer a constitutional violation
because the police had probable cause to arrest him" and "[b]ecause police had probable cause to
arrest McCabe, his constitutional rights were not violated and an action under section 1983

Morley's Section 1983 claim for malicious prosecution because Morley fails to establish the

pivotal element that the criminal charges filed against him were initiated without probable cause.[13]

### 2. Morley's Section 1983 Conspiracy Claim

To sustain a conspiracy claim under Section 1983, a plaintiff must establish the

following: "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil

rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110

F. Supp.2d 361, 371 (E.D. Pa. 2000)(citations omitted).  Morley has not proffered any evidence

establishing a conspiracy involving the Defendants.  As a result, he fails to make the requisite

initial showing regarding the existence of a conspiracy involving state action.  Id.  Consequently,

Morley's Section 1983 conspiracy claim fails as a matter of law.

In addition to failing to establish the first element of his conspiracy claim, Morley

fails to make the compulsory second showing regarding "a deprivation of civil rights in

furtherance of the conspiracy by a party to the conspiracy."  Id.  As previously discussed, Morley

has failed to demonstrate the deprivation of a constitutional right.  See *supra* Part III.A.1.

"Section 1983 does not create a cause of action *per se* for conspiracy to deprive one of a

constitutional right. Without an actual deprivation, there can be no liability under Section 1983."

Garner v. Township of Wrightstown, 819 F. Supp. 435, 445 n.7 (E.D. Pa. 1993)(quoting Defeo

v. Sill, 810 F. Supp. 648, 658 (E.D. Pa.1993))(internal quotation marks omitted), *aff'd*, 16 F.3d

_____

cannot be maintained").

[13]  The Defendants assert that Caputo is entitled to the defense of qualified immunity.
However, the issue of qualified immunity does not need to be addressed because a finding of
probable cause renders the defense of qualified immunity moot.  Kis v. County of Schuylkill, 866
F. Supp. 1462, 1473 n.26 (E.D. Pa. 1994).

403 (3d Cir. 1993); see also Holt Cargo Sys., Inc. v. Del. River Port Auth., 20 F. Supp.2d 803,

843 (E.D. Pa. 1998)(finding that there can be no liability for a conspiracy to violate Section 1983

without an actual violation of Section 1983), aff'd, 165 F.3d 242 (3d Cir. 1999).  Without any

showing of a violation of his constitutional rights, Morley's Section 1983 conspiracy claim fails as

a matter of law.  Due to the aforementioned, the Defendants' Motion for Summary Judgment

regarding Morley's Section 1983 conspiracy claim is granted.  Since summary judgment has been

granted in the Defendant's favor regarding both Morley's Section 1983 malicious prosecution

claim, as well as his Section 1983 conspiracy claim, the Complaint in this action is dismissed.

**B.  Morley's Cross-Motion to Amend the Complaint**

       In his Cross-Motion to Amend the Complaint, Morley requests the following

amendments: (1) replacing the "Philadelphia Police Department" in the caption with "City of

Philadelphia;" (2) adding a False Arrest claim under the Fourth Amendment and a Malicious

Prosecution claim under the Fifth Amendment and a consistent paragraph under his Section 1983

Malicious Prosecution claim in Count I; and (3) adding a new Monell municipal liability claim

based upon a Philadelphia Police Department policy that citizens should not own or carry

firearms.  (Pl.'s Answer and Cross-Mot. at 2).  The Defendants oppose Plaintiffs' requested

amendments arguing that they should be denied because they are futile.  Upon review of Morley's

arguments, I find that the requested amendments are futile and, therefore, deny his Cross-Motion

to Amend the Complaint.

       Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be freely given

when justice so requires."  FED. R. CIV. P. 15 (a).  "The decision whether to grant or deny a

motion for leave to amend is within the sound discretion of the district court."  Freedom Intern'l

Trucks, Inc. of NJ v. Eagle Enters., Inc., 182 F.R.D. 172, 174 (E.D. Pa. 1998)(citations omitted). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(citations omitted).

Futility is a challenge to the amendment's legal sufficiency. Freedom, 182 F.R.D. at 175. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory, 114 F.3d at 1434 (citations omitted). "In assessing futility, the Court 'applies the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Freedom, 182 F.R.D. at 175. "Thus, in deciding whether an amendment is futile, a court must take all well pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." Id. (citing In re Burlington Coat Factory, 114 F.3d at 1434). "Similarly, leave to file an amendment should be denied if 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (citation omitted).

    **1. Morley's Motion to Add a False Arrest Claim Under the Fourth Amendment and a Malicious Prosecution Claim Under the Fifth Amendment**

      ***a.) False Arrest Claim Under the Fourth Amendment***

Morley's request to add a false arrest claim under the Fourth Amendment is denied because it is time-barred. See Arab African Intern'l Bank v. Epstein, 10 F.3d 168, 175 (3d Cir. 1993)(affirming district court's denial to permit plaintiff to amend complaint where the amended complaint would be time-barred ). "Claims brought pursuant to section 1983 are governed by the statute of limitations period applicable to state personal injury actions." Johnson v. City of Phila.,

No. 96-6008, 1997 WL 152790, at *2 (E.D. Pa. March 28, 1997)(citations omitted).  "Under

Pennsylvania law, that period is two years."  Id. (citing 42 PA. CONS. STAT. ANN. § 5524).

"Federal law, on the other hand, as opposed to state law, dictates when a cause of action accrues,

that is, when the limitations period begins to run."  Id. (citation omitted).  "Unless otherwise

tolled, section 1983 claims for false arrest . . . accrue when the claimant knew or had reason to

know of the injury that constitutes the basis of th[e] action."  Id. (quotation and internal quotation

marks omitted).  "In a section 1983 claim for false arrest, the plaintiff has 'reason to know of the

injury' on the date of the arrest, and, thus, the cause of action accrues on that date."  Id. (quoting

Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989)).

On June 18, 1999, Morley was arrested and spent thirty-two hours incarcerated at

SDD.  (Pl.'s Mem. Law Supp. Answer and Cross-Mot. at 3).  Since the arrest occurred on June

18, 1999, the limitations period began to run on that date and expired two years later on June 18,

2001.  Morley filed the instant action on February 13, 2003.  Morley's Complaint did not include

a false arrest claim.  Thus, even if Morley was now permitted to amend his Complaint to include a

claim for false arrest, his claim would be time-barred because the limitations period expired on

June 18, 2001.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998)(stating that

"[b]ecause Montgomery filed her action on February 1, 1995, more than two years after the date

of her arrest, the district court was correct in dismissing Montgomery's section 1983 false arrest

. . . claim[] as time-barred").  Consequently, Morley's request to amend his Complaint to include

a false arrest claim under the Fourth Amendment is denied as futile.[14]

_____

[14] In addition, this Court notes that Morley's request to amend his Complaint to include a
Fourth Amendment false arrest claim is also futile due to existence of probable cause regarding
Morley's arrest.  The Court previously concluded that probable cause existed to arrest and

### b.) *Malicious Prosecution Claim Under the Fifth Amendment*[15]

In seeking amendment of his Complaint, Morley explains that he "brings a Fifth Amendment claim stemming from the defendants' malicious prosecution." (Pl.'s Reply Mem. Law at 2). In Part III.A., I dismissed Morley's Section 1983 claim for malicious prosecution because he failed to establish the pivotal element that the criminal charges and prosecution against him were initiated without probable cause. See *supra* Part III.A.1; see also Gatter, 67 F. Supp.2d at 519 (stating that probable cause is a necessary element in a malicious prosecution claim). Since I have already concluded that "there was probable cause to arrest and prosecute Morley as a result of the March 10, 1999 incident," any malicious prosecution claim pertaining to that incident necessarily fails as a matter of law.[16] As a result, Morley's Motion to Amend the Complaint to include a malicious prosecution claim under the Fifth Amendment is denied as futile.[17]

_____

prosecute Morley for Recklessly Endangering Another Person and Simple Assault. See *supra* Part III.A.1. "The existence of probable cause to arrest a plaintiff is fatal to a § 1983 claim based upon false arrest." Nardini v. Hackett, No. 00-5038, 2001 WL 1175130, at *2 (E.D. Pa. Sept. 19, 2001); see also Freeman, 163 F. Supp.2d at 489 ("In order to prevail on her false arrest claim plaintiff would have to establish that probable cause did not exist for her arrest."). Thus, in addition to Morley's false arrest claim being time-barred, it is also futile due to my previous finding regarding the existence of probable cause.

[15] Morley's premise of asserting a malicious prosecution claim under the Fifth Amendment is unclear. However, the propriety of Morley's malicious prosecution under the Fifth Amendment does not need to be addressed since any malicious prosecution claim asserted by Morley concerning the March 10, 1999 incident necessarily fails because of the existence of probable cause.

[16] Additionally, any malicious prosecution claim fails for the other reasons enumerated regarding Morley's failure to proffer evidence regarding his *prima facie* case for a Section 1983 malicious prosecution claim. See *supra* note 11.

[17] Since Morley's Motion to Amend to include malicious prosecution claims under the Fourth and Fifth Amendments is denied as futile, his request to add a consistent paragraph under his Section 1983 Malicious Prosecution claim in Count I to include these claim is also denied as

**2.  Morley's Motion to Add a New <u>Monell</u> Municipal Liability Claim Based Upon a Philadelphia Police Department Policy**

Morley's request to include a <u>Monell</u> claim in his Complaint is unclear, however, it appears that he seeks to add a <u>Monell</u> claim regarding the Philadelphia Police Department's alleged policy "that citizens should not own or carry firearms."  (Pl.'s Answer and Cross-Mot. at 2).  "A municipality can be sued directly under § 1983 where an action or conduct taken pursuant to municipal policy or custom causes a constitutional injury."  <u>Regalbuto v. City of Phila.</u>, 937 F. Supp. 374, 377-78 (E.D. Pa. 1995)(citing <u>Monell v. Dep't of Soc. Serv. of the City of NY</u>, 436 U.S. 658, 694-95 (1978); <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989))*, aff'd*, 91 F.3d 125 (3d Cir. 1996).  In order "[t]o maintain a § 1983 action against a municipality, a plaintiff must allege that municipal policymakers, acting with deliberate or reckless indifference, established and maintained a practice, policy or custom which deprived plaintiff of a constitutional right."  <u>Id.</u> (citing <u>Fagan v. City of Vineland</u>, 22 F.3d 1283, 1292 (3d Cir. 1994)).   When examining a Section 1983 claim asserted against a municipality, a court must separately analyze the following: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation."  <u>Id.</u> (<u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 120 (1992)).  "[U]nless [the] plaintiff first establishes that he or she has suffered a constitutional injury, it is irrelevant for purposes of § 1983 liability whether [the municipality's] policies, enacted with deliberate indifference, caused an injury.'"  <u>Id.</u> (quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1149-50 (3d Cir. 1995)).

Morley appears to premise his <u>Monell</u> claim upon the "underlying constitutional

---

futile.

20

violations" of false arrest and malicious prosecution.  (Pl.'s Reply Mem. Law at 2).  In Part III.B,

I refused to allow Morley to amend his Complaint to include a false arrest claim because the claim

is time-barred and without merit due to the existence of probable cause.  See *supra* Part III.B.1.a.

Regarding Morley's Section 1983 malicious prosecution claim, I concluded that Morley "has not

proven the absence of probable cause regarding his malicious prosecution claim, [and, therefore,]

he has failed to demonstrate the deprivation of a constitutional right."  See *supra* Part III.A.1.

Thus, Morley's reliance upon his false arrest and malicious prosecution claims fails because they

do not establish constitutional violations upon which his Monell claim could properly be premised.

Independent examination of Morley's allegations and evidence in support of his

Monell claim also does not establish any constitutional violation.  Morley supports his allegation

that the Philadelphia Police Department has a policy that citizens should not own or carry firearms

by relying upon his own allegations, various newspaper articles and transcripts of hearings

pertaining to the March 10, 1999 incident.  (Pl.'s Answer and Cross-Mot., Exs. A -L).  Neither

the articles, the transcripts, nor Morley's broad allegations, reveal a policy, as defined for Monell

purposes, by the Philadelphia Police Department which deprived Morley of a constitutional right.

According to the auspices of Monell, "[p]olicy is made when a decisionmaker possessing final

authority to establish municipal policy with respect to the action issues an official proclamation,

policy or edict."  Beck v. City of Pitt., 89 F.3d 966, 971 (3d Cir. 1996)(quotation and internal

quotation marks omitted).  Morley neither identifies a decisionmaker possessing final authority to

establish municipal policy with respect to this action nor an official proclamation, policy or edict

of the Philadelphia Police Department that citizens should not own or carry firearms.  Therefore,

Morley fails to identify a practice that citizens should not own or carry firearms by the

Philadelphia Police Department that is so permanent and well-settled as to have the force of law.

As explained above, in order "for there to be municipal liability, there still must be a violation of the plaintiff's constitutional rights." Brown v. Commonwealth of PA Dep't of Health Emergency Med. Servs., 318 F.3d 473, 482 (3d Cir. 2003)(citing Collins, 503 U.S. at 122). That is, "[t]here must be a 'direct causal link' between the policy and a constitutional violation." Id. (Canton, 489 U.S. at 385). In this action, Morley has shown neither a constitutional violation nor a Philadelphia Police Department policy violating his constitutional rights. Consequently, he has not shown a direct causal link between an alleged unconstitutional action that occurred during the implementation of a municipal policy or practice, or a decision that is officially adopted or promulgated by those whose acts may fairly be said to represent official policy. Thus, Morley cannot establish municipal liability for purposes of Monell. As a result, Morley's request to amend his Complaint to include a Monell municipal liability claim is denied as futile.[18]

## IV.  CONCLUSION

Summary judgment is granted in the Defendants' favor regarding Morley's'

---

[18]  Since Morley's Motion to Amend the Complaint to include a Monell municipal liability claim is denied as futile, and in light of the fact that Morley's Complaint has been dismissed, his Motion to replace the "Philadelphia Police Department" in the caption with the "City of Philadelphia" is denied on the grounds of futility. However, it must be noted that in reviewing Morley's Monell claim, I analyzed the claim as if had been asserted against the City of Philadelphia because "the [Philadelphia] Police Department is not a separate legal entity that can be sued apart from the City of Philadelphia." Atkinson v. City of Phila., No. 99-1541, 2000 WL 295106, at *2 (E.D. Pa. March 20, 2000)(citations omitted); see also 53 Pa. Stat. Ann. § 16257 (providing that "[no department of the city of Philadelphia ] shall be taken to have . . . a separate corporate existence, and hereafter all suits growing out of their transactions . . . shall be in the name of the city of Philadelphia ); Regalbuto, 937 F. Supp. at 377 (holding that the Philadelphia Police and Fire Departments are not separate legal entities that can be sued).

Section 1983 malicious prosecution claim and his Section 1983 conspiracy claim.  Morley's

Cross-Motion to Amend the Complaint is denied as futile.  As a result of the aforementioned,

Morley's Complaint is dismissed with prejudice.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JOHN H. MORLEY, JR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 03-880 |
| | : | |
| PHILADELPHIA POLICE DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

     **AND NOW**, this 7 th day of July, 2004, upon consideration of the Defendants'

Motion for Summary Judgment, and Plaintiff's Response and Cross-Motion to Amend the

Complaint, it is hereby **ORDERED** that:

     1.    the Defendants' Motion for Summary Judgment (Doc. No. 15) is
           **GRANTED**;

     2.    Plaintiff's Cross-Motion to Amend the Complaint (Doc. No. 18) is
           **DENIED**;

     3.    Plaintiff's Complaint is **DISMISSED** with prejudice; and

     4.    the Clerk of Court is hereby directed to mark this case **CLOSED**.


                                                               **BY THE COURT:**


                                              _____

                                              **Robert F. Kelly,**                **Sr. J.**